1

2

3

4          **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6  DANIEL WALKER,                          )
                                           )
7              Plaintiff,                  )    Case No. 2:09-cv-2014-KJD-LRL
                                           )
8  vs.                                     )
                                           )    **ORDER**
9  HOWARD SKOLNIK, *et al.*,               )
                                           )
10 _____Defendants.          )

11         Plaintiff, an inmate proceeding *pro se*, has submitted three Applications to Proceed *in Forma*

12 *Pauperis*, and two Civil Rights Complaints Pursuant to 42 U.S.C. § 1983.  It appears that Plaintiff's

13 complaints (##1-2 and 5-1) are identical; thus, the Court will screen the latter complaint.  The Court has

14 screened Plaintiff's complaint (#5-1) and finds that it requires amendment.

15 **I.      Application to Proceed *In Forma Pauperis***

16         Based on the financial information provided, the Court finds that Plaintiff is unable to pay an

17 initial partial filing fee.   However, even if this action is dismissed, the full filing fee of $350.00 must

18 still be paid pursuant to 28 U.S.C. § 1915(b)(2).

19 **II.     Screening Standard Pursuant to 28 U.S.C. § 1915A**

20         This Court has screened Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A. Federal

21 courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a

22 governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its

23 review, the Court must identify any cognizable claims and dismiss any claims that are frivolous,

24 malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

25 defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings,

26 however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp.*

2

1  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action
2  is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
4  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal
5  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
6  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
7  allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28
8  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9  **III.      Screening of the Complaint**

10      Plaintiff sues Howard Skolnik, D.W. Neven, Cole Morrow, Jim Henson, and C.O. Portillo in
11  their individual and official capacities for violation of his rights to be free from cruel and unusual
12  punishment.  Plaintiff claims that he was housed at High Desert State Prison for twenty-six days without
13  receiving a mattress despite numerous requests for one.  Plaintiff claims that the defendants either failed
14  to provide him with a mattress or knew of the problem and failed to correct it.  Plaintiff seeks
15  compensatory damages for pain and suffering and injunctive relief to prevent this situation from
16  occurring to other inmates.

17      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
18  conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.
19  337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide
20  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id*.; *Toussaint v.*
21  *McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).
22  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may
23  be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost*
24  *v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  The
25  deliberate indifference standard involves an objective and a subjective prong.  First, the alleged
26

deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id*. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327, 33 (1986).

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  In order to maintain an action seeking relief for emotional distress suffered by a prisoner while in custody, there must be an allegation of actual physical injury. *Zehner v. Trigg*, 952 F. Supp. 1318, 1322-23 (S.D. Ind. 1997) (exposure to asbestos during performance of prison job is not "physical injury" to support claim for mental or emotional injury), *affirmed,* 133 F.3d 459, 460 (7th Cir. 1997).  The alleged physical injury must be more than *de minimus*, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (sore, bruised ear lasting for three days was *de minimus* injury and fell short of requisite physical injury to support a claim for emotional or mental suffering); *Evans v. Allen*, 981 F. Supp. 1102, 1109 (N.D. Ill. 1997) (allegation that prisoner had "bodily fluids thrown on [him]" insufficient to satisfy injury requirement of section 1997e(e)); *Luong v. Hatt*, 979 F. Supp. 481, 485-86 (N.D. Tex. 1997) (minor injuries lasting a few days insufficient to satisfy section 1997e(e)).

4

1    In the instant case, Plaintiff has not alleged he suffered any actual physical injury from not

2  receiving a mattress for twenty-six days.  Plaintiff fails to state a claim upon which relief may be granted.

3  Therefore, Plaintiff's complaint must be dismissed.  Plaintiff will be given an opportunity to amend his

4  complaint if he believes he can correct the deficiencies noted.

5  **IV.    Conclusion**

6    Plaintiff fails to state a claim upon which relief may be granted.  Plaintiff's complaint is

7  dismissed with leave to amend, if he believes he can correct the deficiencies noted above.

8    **IT IS THEREFORE ORDERED** that Plaintiff's Applications to Proceed *in Forma Pauperis*

9  are **GRANTED**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this

10  action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

11    **IT IS FURTHER ORDERED** that the Plaintiff herein is permitted to maintain this action to

12  conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

13  therefor.  This Order granting *in Forma Pauperis* status shall not extend to the issuance of subpoenas

14  at government expense.

15    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department

16  of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the

17  preceding month's deposits to Plaintiff's account (inmate #92367), in the months that the account

18  exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall

19  send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy

20  of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections,

21  P.O. Box 7011, Carson City, NV 89702.  The Clerk shall also send a copy of this Order to the

22  accounting officer for the Las Vegas Community Corrections Center, 2901 Industrial Road, Las Vegas,

23  NV 89109.

24    **IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint (#5-1).

25

26

1    **IT IS FURTHER ORDERED** that the complaint is **DISMISSED** with leave to amend.  The

2    amended complaint must be a complete document in and of itself, and will supersede the original

3    complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not

4    carried forward in the amended complaint will no longer be before the Court.  Plaintiff will have **thirty**

5    **(30) days** from the date that this Order is entered to file his amended complaint, if he believes he can

6    correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of this

7    action.

8    **IT IS FURTHER ORDERED** that Plaintiff shall clearly title the amended complaint as such

9    by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42

10   U.S.C. § 1983" on page 1 in the caption, and Plaintiff shall place the case number, 2:09-CV-2014-KJD-

11   LRL, above the words "FIRST AMENDED"in the space for "Case No."

12   **IT IS FURTHER ORDERED** that the Clerk shall send to Plaintiff two copies of a blank

13   Section 1983 civil rights complaint form with instructions along with one copy of the filed complaint.

14   DATED:  5-18-10

15

16   _____

17   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

6